UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LANCE PAXTON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[1] Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:18-cv-00716-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## **INTRODUCTION**

Plaintiff Dennis Lance Paxton ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1]     Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.
[2]     The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 7, 9.)

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits on March 24, 2015, and an application for social security income on June 22, 2016. AR 197-203, 204-09.[3] Plaintiff alleged that he became disabled on April 1, 2008, due to no cartilage in both knees, a crushed right ankle and right wrist, arthritis in his right ankle, right shoulder and both knees, difficulty standing, extreme stress and depression. AR 229. Plaintiff's application for disability insurance benefits was denied initially and on reconsideration. AR 130-33, 135-39. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Sanya Hill-Maxion held a hearing on January 25, 2017, and issued an order denying benefits on May 3, 2017. AR 55-66, 71-113. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 6-11. This appeal followed.

### **Hearing Testimony**

The ALJ held a hearing on January 25, 2017, in Stockton, California. Plaintiff appeared with his attorney, Carrie Isaac. Impartial Vocational Expert ("VE") Timothy Farrell and impartial medical expert ("IME") John Kwock also appeared by telephone. AR 58, 73.

In response to questioning by the ALJ, Plaintiff testified that he was 55 ½ years of age and had completed forty units of college, but never obtained a degree or certification. He last worked in 2008 as a self-employed military antiques dealer. AR 77-79.

In response to questions from his attorney, Plaintiff testified that he has problems with his right ankle. It was shattered in 2006, and he had nine screws and a metal plate, but the metal plate was removed a year later. He still has daily pain from the injury, and he treats with pain medication. He does not use a cane or walker and has not been told that he needs another surgery. AR 80-81.

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

Plaintiff further testified that he has problems with both of his knees from being hit by a car when he was young. Plaintiff's doctor has not recommended surgery, and Plaintiff has not had any injections. He can walk ten minutes before having to stop. AR 81-84. He wears a brace on his right knee all the time because it gives out. He had microsurgery in 2006, and the back of his kneecap was scraped. Plaintiff's doctor said that he had no cartilage in his knee. AR 85-86.

Plaintiff also testified that he has limited mobility with his right wrist. His wrist was crushed when he was hit by a car while on his motorcycle. Plaintiff reported that he has constant pain. He is always switching to the left side of his body because he cannot really use his right wrist, although he is left-handed. He cannot lift weight with his right hand, and when he goes to the gym, he has to wear a bowling brace. AR 84-85.

Plaintiff additionally testified that he suffers from depression. He will stay in bed, not leave the house and cry a lot. He is not currently getting counseling for his depression, but he did see a counselor for two visits. He also does not take medication for his depression. He only takes pain medication, Norco, six times a day. AR 86-88.

When asked about his day, Plaintiff testified that he gets up about 8:30 or 9:00 a.m. He can cook easy things, and will sometimes do chores, like dishes or laundry. He has difficulty doing things because his legs and knees are constantly aching. He can stand about 10 minutes and sit about 20 minutes. He can lift a gallon of milk, but it causes him pain in his back with his sciatic. During the day, he watches TV and reads. He also will get on the computer daily for about an hour. He has a driver's license, but he does not drive. He goes to the gym a couple times a week and will swim or walk. He will go see his daughter and grandkids about once a week. AR 90-94.

In addition, Plaintiff testified that he has trouble falling asleep and staying asleep. If it were not for sleeping pills, he would not be able to sleep at all. He also has trouble concentrating. AR 94-95.

Following Plaintiff's testimony, the ALJ elicited testimony from the IME Dr. Kwock, a board-certified orthopedic surgeon. Dr. Kwock testified that based on his experience and review of the file, he found "very little objective evidence" in the current records to substantiate much of Plaintiff's testimony, and examination findings were "highly inconsistent" with Plaintiff's reported description of

his wrist injury. AR 98, 100. Dr. Kwock testified that Plaintiff's medically determinable conditions included early tricomponent osteoarthritis, status-post duplication of the right ankle. Dr. Kwock reported that an x-ray of Plaintiff's right ankle in August 2015 had no mention of any posterity changes in the right ankle and examination showed some limited motion. On examination of his right knee, he had almost normal ranges of motion even with mild, moderate osteoarthritic issues. An x-ray of Plaintiff's right wrist discussed during the hearing was ruled out as being normal. Dr. Kwock further testified that Plaintiff's impairments, identified singularly or in combination, would not meet or equal a listing. He opined that Plaintiff could perform light work, lifting and carrying up to 10 pounds frequently and between 11 and 20 pounds occasionally. He could sit for eight hours, stand for six hours, and walk for four hours out of eight. Plaintiff could climb stairs and ramps occasionally, but never climb ladders or scaffolds, could balance and kneel frequently, could stoop continuously, crouch occasionally, but never crawl. Plaintiff also had no manipulative limitations. AR 100-01.

In response to questioning by Plaintiff's attorney, Dr. Kwock amended his testimony to identify that Plaintiff had limited range of motion in the right wrist and would be limited to occasional handling, pushing and pulling with the right upper extremity. Dr. Kwock also indicated that kneeling with the right would be occasional and crouching with the right knee would be never. AR 103.

Following testimony from the IME, the ALJ elicited testimony from VE Timothy Farrell. The VE reported that the closest characterization of Plaintiff's work with military antiques was sales person art objects. 105-06. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume a person of the same age, education and work background who could lift, carry 20 pounds occasionally, 10 pounds frequently, could sit six hours in a eight-hour workday, stand six hours in an eight-hour workday, walk four hours in an eight-hour workday, could occasionally climb stairs and ramps, but never climb ladders, ropes or scaffolds, could frequently balance, continuously stoop, occasionally kneel, could never crouch or crawl, could occasionally handle, push and pull with the non-dominant right upper extremity and must avoid hazardous moving machinery and unprotected heights. AR 106-107. The VE explained that the Dictionary of Occupational Titles ("DOT") of sales person of art objects lists handling as frequent, but it does not distinguish between the use of the dominant and non-dominant hands and does not

4

distinguish between unilateral and bilateral handling. However, based on the VE's professional opinion, the hypothetical individual could perform the military antiques job described by Plaintiff and also the job of a sales person of art objects. AR 107-08.

For the second hypothetical, the ALJ asked the VE to assume the person in the first hypothetical, but the person was limited to standing and walking for two hours in an eight-hour workday. The VE testified that this person could perform Plaintiff's past work as performed, but not as per the DOT. AR 108.

For the third hypothetical, the ALJ asked the VE to assume the person in the first hypothetical, but the person was limited to lifting and carrying 10- pounds occasionally and less than 10 pounds frequently. The VE testified that this person could not perform Plaintiff's past work and there would be no other work available. AR 110-11.

Following questioning by the ALJ, Plaintiff's counsel asked the VE to assume a person of Plaintiff's age, education and past work experience who could lift and carry up to 10 pounds, could sit, stand, and walk a total of one hour during an eight-hour workday with taking a break every 15 minutes. The VE testified that this person would not meet the Social Security Administration requirements for full-time employment. AR 111.

The VE confirmed that his testimony was consistent with the DOT and its supplement with the exception that DOT did not separate out unilateral from bilateral upper extremity use. The VE affirmed that the exception he identified was based on his 35 years of experience evaluating and placing injured workers into the open labor market, including labor market research, labor market survey, and employer contact. AR 112.

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 58-66. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 1, 2008, his

5

alleged onset date. The ALJ identified degenerative disc disease of the lumbar spine, status post open reduction internal fixation for right ankle fracture and traumatic arthritis, degenerative joint disease of the bilateral knees, status post right knee arthroscopy and left knee arthroscopy with open reduction internal fixation procedure, osteoarthritis of the right wrist joint with carpal fractures and open reduction internal fixation (history of right wrist fracture) as severe impairments. AR 60. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 61. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the additional limitations of lifting and or carrying 20 pounds occasionally and 10 pounds frequently, sitting 6 hours, standing 6 hours, walking 4 hours, occasional climbing stairs and/or ramps, never climbing ladders, ropes or scaffolds, frequent balancing, continuous stooping, occasional kneeling, never crouching or crawling, occasional handling and pushing/pulling with the right upper extremity (non-dominant hand), and avoiding hazards (moving machines, unprotected heights, etc.). AR 61-65. With this RFC, the ALJ found that Plaintiff could perform his past relevant work as a salesperson/antiques. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 65-66.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards,

and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

# **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# **DISCUSSION**[4]

Plaintiff contends that the ALJ erred by (1) improperly rejecting the opinion of Plaintiff's treating doctor; (2) improperly rejecting Plaintiff's testimony; and (3) improperly rejecting the lay witness testimony. Plaintiff also contends that the ALJ's finding at step four of the sequential evaluation was not supported by substantial evidence.

### **A.  Plaintiff's Treating Physician Opinion**

Plaintiff argues that the ALJ failed to provide clear and convincing reasons or specific and legitimate reasons to reject the opinions of Plaintiff's treating doctor, Dr. Frank Fine. (Doc. No. 21 at 9-11.)

Cases in this circuit identify three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a

---

[4]  The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

treating source than to the opinions of doctors who do not treat the claimant. *Id.* Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* If the treating physician's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence in the record to reject this opinion. *Id.* "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).

On August 7, 2015, Dr. Fine completed a Physical Assessment of Ability to Do Work-Related Activities form. Dr. Fine opined that Plaintiff could lift and carry up to 10 pounds occasionally, sit, stand and walk a total one hour each, could frequently engage in fine manipulation with his left and right hands, could occasionally use his right foot and frequently use his left foot, could occasionally climb, balance, stoop, crouch, kneel, and crawl, could occasionally reach, handle and push/pull, could frequently feel and could continuously hear and speak. Dr. Fine also opined that Plaintiff could make fair occupational adjustments, performance adjustments and personal/social adjustments. AR 364-67.

On July 5, 2016, Dr. Fine opined that Plaintiff could not return to the workforce and was permanently disabled. Dr. Fine indicated that Plaintiff could not repetitively bend or stoop, lift more than 10 pounds, walk over uneven ground, climb stairs or ladders, perform pivoting maneuvers with the lower extremities, and could not repetitively kneel or squat on both knees on a permanent basis. AR 387.

In this instance, the opinions of Dr. Fine were contradicted by the IME, Dr. Kwock, who testified that Plaintiff could lift and carry up to 10 pounds frequently and between 11 and 20 pounds occasionally, could sit for eight hours, stand for six hours, and walk for four hours out of eight. Dr. Kwock also testified that Plaintiff would be limited to occasional handling, pushing and pulling with the right upper extremity. Plaintiff also could climb stairs and ramps occasionally, but never climb ladders or scaffolds, could balance and kneel frequently, but kneeling with the right would be occasional. Plaintiff also could stoop continuously, crouch occasionally, but never crouch with the

right knee, and never crawl. AR 100-01, 103.  Thus, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence to reject the opinions of Dr. Fine.

In evaluating Dr. Fine's opinions, the ALJ reasoned as follows:

> Little weight is given treating physician Dr. Fine's August 2015 medical source statement opining the claimant is restricted to significantly less than even sedentary exertional activities.  Ex. 3F.  This opinion lacks analysis or explanation and is essentially conclusory in nature.  Moreover, it fails to cite any medical documentation in support of it and appears to be based more the claimant's subjective reports than objective treatment records.  Finally, Dr. Fine's treatment notes are limited and sporadic in nature and greater weight has been given to other medical experts, as noted above.  Similarly with Dr. Fine's notation in July 2016 that the claimant is permanently disabled.  Ex. 7F/2.

AR 63-64.

As noted above, Plaintiff asserts that the ALJ erred in his evaluation of Dr. Fine's opinions.  The Court disagrees and finds that the ALJ provided specific and legitimate reasons for discounting Dr. Fine's opinions.  As to the August 2015 opinion, it was appropriate for the ALJ to reject what essentially amounted to a "check-off" report that did not contain any explanation or basis for Dr. Fine's opinion.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding that an ALJ may reject "check-off reports that [do] not contain any explanation of the bases of their conclusions"), quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Further, because the August 2015 check box form did not show objective evidence to support the opinion, and there were no corresponding treatment notes from August 2015, the ALJ correctly concluded that Dr. Fine relied, at least in part, on Plaintiff's subjective complaints.  *Smith v. Berryhill*, 752 Fed.App'x 473, 476 (9th Cir. 2019) ("But because Dr. Aryal's check box form shows that objective evidence did not support her opinion, the ALJ correctly concluded that Dr. Aryal relied, at least in part, on Smith's subjective reports.").  An ALJ may reject a treating physician's opinion for the specific and legitimate reason that such opinion is based on a claimant's "subjective complaints," that have been "properly discounted." *Fair v. Bowen*, 885 F.2d 597, 605 (1989); *see also Hoskins v. Comm'r of Soc. Sec.*, No. 1:17-cv-01520-LJO-SAB, 2019 WL 423128, at *8 (E.D. Cal. Feb. 4, 2019), report and recommendation adopted, No. 1:17-cv-01520-LJO-SAB, 2019 WL 1004573 (E.D. Cal. Feb. 28, 2019).  As discussed more fully below, the ALJ properly discounted Plaintiff's subjective complaints.

9

Plaintiff contends that, contrary to the ALJ's findings, Dr. Fine did provide explanations in his treatment notes for the limitations he assessed. (Doc. No. 21 at 10.) However, as noted, there are no contemporaneous objective findings or treatment notes from Dr. Fine that correlate with Dr. Fine's August 2015 opinion. AR 364-67.

Additionally, the ALJ properly discounted Dr. Fine's July 2016 opinion that Plaintiff was permanently disabled. AR 64, 387. Dr. Fine's opinion of permanent disability, including Plaintiff's inability to work, is an issue reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability.... A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Although Dr. Fine's July 2016 opinion included functional limitations following an examination, those limitations are not supported by the objective evidence. As discussed, Dr. Fine opined that Plaintiff could not repetitively bend or stoop, lift more than 10 pounds, walk over uneven ground, climb stairs or ladders, perform pivoting maneuvers with the lower extremities, and could not repetitively kneel or squat on both knees on a permanent basis. AR 387. Nevertheless, x-rays of Plaintiff's right ankle in August 2015 showed mild soft tissue prominence, a mortise joint that was congruent and no acute osseous abnormalities (AR 368-69), while x-rays of Plaintiff's right ankle in December 2016 showed only mild soft tissue swelling, but no acute bony or articular abnormality (AR 392), and examination showed only limited range of motion (AR 386). Further, examination of his right knee showed full active range and almost normal range of motion (AR 99, 362), and x-rays completed in December 2016 showed only mild to moderate osteoarthritis (AR 394). X-rays of his left knee in October 2016 showed only mild tricompartmental osteoarthritis (AR 388) and examination showed full active range of motion (AR 386). Finally, x-rays of his right wrist in December 2016 were negative and showed no significant osseous, articular, or soft tissue abnormality. AR 393.[5]

---

[5] Plaintiff's reference to medical records from June 2017, which post-date the ALJ's decision, do not relate to the period at issue. (Doc. No. 21 at 11.) The ALJ determined that Plaintiff was not disabled through May 3, 2017. AR 66.

In discounting Dr. Fine's opinions, the ALJ also relied, in part, on the opinion of the IME, Dr. Kwock, whose opinion Plaintiff does not challenge. An ALJ does not err by rejecting the opinion of a treating physician, "based *in part* on the testimony of a nontreating, nonexamining medical advisor." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (emphasis in original). Although the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician," *Lester*, 81 F.3d at 831, reports of non-examining medical experts "may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

In this instance, the ALJ acknowledged that the opinion of a non-examining source is generally entitled to less weight than the opinion of a treating or examining physician. AR 63. However, the ALJ determined that such an opinion is entitled to weight after consideration of multiple factors, including testing and consultative evaluations by specialists, supportability, including the degree of explanation and support by objective evidence, consistency with the record as a whole, degree of specialization in the area of medicine involved, and other factors, including awareness of other evidence in the record, and understanding of social security disability programs and requirements. AR 63. These are appropriate factors when considering how much weight to give to a medical opinion. *See* 20 C.F.R. 404.1527(c)(3)-(6). Here, the ALJ expressly considered that Dr. Kwock reviewed the medical records of evidence, was a specialist, understood social security disability programs and evidentiary requirements, and his opinion was well-supported by the medical evidence, including Plaintiff's x-rays and other objective findings. AR 63

Plaintiff argues for a different result, but where there are contradictory opinions in the record, it is for the ALJ to determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Garrison v. Colvin*, 759 F.3d at 1010. Where the evidence can reasonably support either affirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Garrison*, 759 F.3d at 1010. The ALJ did not err in assigning lesser weight to Dr. Fine's opinion.

///

11

### B. Plaintiff's Subjective Complaints

Plaintiff next argues that the ALJ improperly rejected his subjective symptom testimony. In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison*, 759 F.3d at 1014; *Batson*, 359 F.3d at 1196. First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id*. at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but rejected his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 64-65. In so doing, the Court finds that the ALJ provided several specific, clear and convincing reasons for discounting Plaintiff's testimony.

First, the ALJ discounted Plaintiff's allegations based on a determination that Plaintiff "has engaged in a somewhat normal level of daily activity and interaction." AR 64. An ALJ can properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged. *Molina*, 674 F.3d at 1112–1113. Here, the ALJ could reasonably conclude that Plaintiff's activities undermined his claims that he was unable to perform any work. In particular, the ALJ noted the third-party function report indicating that Plaintiff had no problems with personal care. AR 64, 237. This report also stated that Plaintiff does short errands, drives, shops once or twice a week, visits with others once or twice a week, and can lift 20-30 pounds. AR 237-41. The ALJ also noted Plaintiff's testimony that he helps with laundry sometimes, goes to the gym to swim or walk and he visits with his daughter and grandchildren. AR 64, 90-94. The ALJ acknowledged that while Plaintiff's activities were somewhat limited, some of the physical and mental abilities and social interactions required in order to perform those activities were the same as those necessary for obtaining and maintaining employment and were inconsistent with the presence of an incapacitating or debilitating condition. AR 64. Even where Plaintiff's activities suggest some difficulty functioning, they may be grounds for discrediting the

claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina*, 674 F.3d at 1113.

Second, the ALJ discounted Plaintiff's statements based on the positive objective clinical and diagnostic findings since Plaintiff's alleged onset date. AR 64. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). As discussed above, the ALJ considered, among other things, an October 2016 left knee x-ray showing only mild tricompartmental osteoarthritis (AR 388), a December 2016 cervical spine x-ray revealing some cervical spondylosis, but with anatomic alignment (AR 391), a right ankle x-ray revealing only some mild soft tissue swelling with no acute bony or articular abnormality (AR 392), a negative right wrist x-ray (AR 393), and bilateral knee x-rays showing only mild to moderate osteoarthritis (AR 388, 394). AR 63. The ALJ also considered earlier treatment notes shortly after Plaintiff's alleged onset date identifying largely unremarkable physical examinations in August 2008, December 2008, and October 2009. AR 62, 313, 317, 320.

Third, the ALJ discounted Plaintiff's statements because medical records demonstrated only routine, sporadic, conservative treatment for the impairments with significant gaps in care. AR 64. An ALJ may consider the failure to seek treatment or lack of treatment in evaluating credibility. *See, e.g.*, *Molina*, 674 F.3d at 1113-14 (failure to seek treatment is basis for discounting credibility); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (unexplained or inadequately explained failure to seek treatment is a valid basis for discounting credibility). Plaintiff contends, however, that this was not a proper reason for discounting his subjective complaints because the record demonstrated that he was uninsured and unable to afford such treatment. AR 317. Plaintiff is correct. A disabled claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). Nevertheless, the ALJ also considered that the treatment Plaintiff did receive was routine and conservative, consisting primarily of medications. AR 62-63, 310-13, 317-24, 330-32, 333-34, 361-

63, 386-87. Plaintiff also testified that he only takes Norco for his condition.[6] AR 88. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

For these reasons, the Court finds that the ALJ's assessment of Plaintiff's subjective complaints is free of reversible error. Even if one of the reasons provided could be found inadequate, there are sufficient other reasons provided to support the assessment of Plaintiff's subjective complaints. *See Batson*, 359 F.3d at 1197.

### C. Evaluation of Lay Witness Testimony

Plaintiff next argues that the ALJ improperly rejected the testimony of his mother, Wilma Paxton. (Doc. No. 21 at 14-15.) Ms. Paxton partially completed a Third-Party Function report on April 27, 2015. She reported that Plaintiff handles his personal care with no problem, but he does not do any cooking or household chores. He watches TV, reads, and visits with others once or twice a week. He can drive and also shops for certain items in stores and on the computer. He can walk one block before needing to rest, and his condition affects his lifting, squatting, bending, standing, reaching, walking, kneeling, stair climbing and memory. He also does not handle stress well, but has no problem paying attention, finishing what he starts, or following written or spoken instructions. AR 236-44.

An ALJ must take into account competent lay witness testimony. *Molina*, 674 F.3d at 1114; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). "[I]n order to discount competent lay witness testimony, the ALJ 'must give reasons that are germane to each witness.'" *Molina*, 674 F.3d at 1114 (citation omitted). An ALJ is not required to discuss every witness' testimony on an individualized, witness-by-witness basis. *Id.* "Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Id.*

---

[6] The Court notes that the record contains reports that Plaintiff was abusing Norco and using multiple pharmacies. Plaintiff subsequently was placed on a narcotics contract, and stopped taking Norco for a period of time, but resumed its use. The ALJ did not consider the purported abuse of Norco in assessing Plaintiff's credibility. *See* AR 310-13, 317-24, 330-32, 333-34, 361-63, 386-87.

14

Here, the ALJ considered the third-party report prepared by Plaintiff's mother, which corroborated Plaintiff's allegations. AR 64. Because the third-party statement of Plaintiff's mother was of the same general nature as Plaintiff's subjective complaints, the ALJ's valid reasons for discounting Plaintiff's statements apply equally his mother's similar statements, including that these statements were not supported by clinical or diagnostic medical evidence. *Molina*, 674 F.3d at 1122 ("given that the lay witness testimony described the same limitations as Molina's own testimony, ... the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [claimant's] own subjective complaints, and because [layperson's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). Accordingly, the Court finds that the ALJ did not commit reversible error in his evaluation of the lay witness testimony.

### D. Step-Four Finding

As a final matter, Plaintiff argues that the ALJ's finding at step four that he could perform his past relevant work is not supported by substantial evidence. (Doc. No. 21 at 15-16.)

At step four of the disability determination, it is the claimant's burden to demonstrate he cannot perform his past relevant work. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citations omitted); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). If a claimant can perform his past relevant work, then he is not disabled. 20 C.F.R. § 404.1520(e); *Lewis*, 236 F.3d at 515.

Here, the ALJ found that Plaintiff had the RFC to perform light work with additional limitations, and the VE testified that a hypothetical individual with such an RFC could perform Plaintiff's past relevant work as a salesperson/antiques. AR 61-65. In arguing error at step four, Plaintiff reasserts that the RFC did not account for all of his limitations as expressed in his testimony, described by the lay witness and assessed by Dr. Fine. As discussed above, the Court concludes that the ALJ did not err in the evaluation of Plaintiff's testimony, the lay witness testimony or Dr. Fine's opinion, and, in turn, did not err at step four of the sequential evaluation. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) ("In arguing the ALJ's hypothetical was incomplete,

[the claimant] simply restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts. As discussed above, we conclude the ALJ did not.").

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Dennis Lance Paxton.

IT IS SO ORDERED.

Dated: **February 11, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE